**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**PRINCE DUNHAM, JR., Defendant.**

High Court of American Samoa
Trial Division

CR No. 18-97

July 28, 1997

Before: KRUSE, Chief Justice, and TUAOLO, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
For Defendant, Reginald E. Gates, Assistant Public Defender

ORDER DENYING MOTION TO SUPPRESS EVIDENCE

## Introduction

On March 9, 1997, Department of Public Safety ("DPS") officers received information from Tupu Lelilio that marijuana was being grown and cultivated on a plantation in Nu`uuli. The officers immediately drove to Nu`uuli and through the bush and up hills for thirty (30) minutes to the location of the suspected marijuana. They did not attempt to obtain a search warrant for the area. Upon arrival, the police confronted Anetele`a Atafua ("Atafua"), who appeared to be attempting to conceal the marijuana. The officers took custody of 16 plants believed to be marijuana, and were told by Atafua that the plants belonged to the defendant, Prince Dunham, Jr. ("Dunham").

After forensic analysis of the seized plants tested positive for the active ingredient of marijuana, DPS officers executed an arrest warrant for Dunham on April 1, 1997. On April 2, 1997, the American Samoa Government ("ASG") filed an information against Dunham charging him with unlawful production of a controlled substance in violation of A.S.C.A. §§ 3.1020, 13.1001(h) and (m), 13.1006, and 46.3207(a)(2).

Dunham now moves to suppress the evidence obtained during the search on the Nu`uuli plantation on the ground that the warrantless search violated Dunham's constitutional right against unreasonable searches and seizures.

## Discussion

Article I, § 5 of the Revised Constitution of American Samoa guarantees the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A key word in this provision is the term "their," which effectively attaches privacy rights *only* to those who have a legitimate expectation of privacy with respect to the searched area. *See Rawlings v. Kentucky*, 448 U.S. 98, 104, 65 L. Ed. 2d 633, 641 (1980); *Rakas v. Illinois*, 439 U.S. 128, 148, 99 S. Ct. 421, 433 (1978); *Alderman v. United States*, 394 U.S. 165, 174, 22 L. Ed. 2d 176, 187 (1969) (stating that the right to be free from an unreasonable search is a "personal right" which "may not be vicariously asserted").

In the instant case, Dunham has neither asserted nor demonstrated that he has a property or possessory interest in the area of bush land on which the marijuana plants were discovered. We thus have insufficient information to conclude that Dunham had a legitimate expectation of privacy in the searched area, and we cannot conclude that the search violated Dunham's constitutional rights. Even if the police violated someone else's constitutional rights by failing to obtain a warrant before

177

conducting the search on the property, such information does not justify exclusion of the seized evidence in Dunham's prosecution.

## Conclusion and Order

Accordingly, the motion to suppress is DENIED.

It is so Ordered.